Lin v. Holder

BIA
Bukszpan, IJ
A088 785 939

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

GAN LIN,
> *Petitioner,*

> v.                                    13-1489
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gan Lin, a native and citizen of the People's Republic of China, seeks review of a March 21, 2013, order of the BIA affirming the February 7, 2011, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying him asylum and withholding of removal. *In re Gan Lin*, No. A088 785 939 (B.I.A. Mar. 21, 2013), *aff'g* No. A088 785 939 (Immig. Ct. N.Y. City Feb. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks and citation omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue properly before us is whether Lin established a well-

founded fear or likelihood of persecution on account of his alleged resistance to China's family planning policy.

Absent past persecution, an applicant can qualify for asylum or withholding of removal by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he has a well-founded fear or likelihood of suffering persecution on account of that resistance. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007); *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b). Lin failed to demonstrate a well-founded fear of persecution on account of his resistance to the family planning policy.

As the agency found, even assuming that Lin's assault of a family planning officer constituted resistance to the family planning policy, he failed to demonstrate that his fear of persecution was objectively reasonable. Lin provided no evidence that individuals arrested for resisting the family planning policy face mistreatment in detention, much less harm rising to the level of persecution. "In the absence of solid support in the record for [an applicant's] assertion that he will be subjected to [persecution], his fear is speculative at best." *Jian Xing Huang v. INS*, 421

3

F.3d 125, 129 (2d Cir. 2005).  Accordingly, we find no error in the agency's denial of asylum and withholding of removal. *See id.; see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4